IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Roland C. Riemers, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION FOR SUMMARY** |
| vs. | ) | **JUDGMENT** |
| | ) | |
| G.K. Development, Inc., | ) | Civil File No. 2:06-cv-97 |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is a Motion by Defendant, G.K. Development, Inc., for summary judgment (Doc. #7). Plaintiff opposes the motion (Doc. #12). Defendant filed a reply brief (Doc. #17). Oral argument was held on August 14, 2007. There are no issues of material fact in dispute in this case, and parties agree it is ripe for decision as a matter of law.

## SUMMARY OF HOLDING

Plaintiff sought to rent a space for solicitation of signatures at the shopping mall owned by Defendant. The shopping mall general manager refused to rent a space to a non-retailer whose presence would not enhance the retail shopping experience. Plaintiff brought this action, alleging numerous violations of state and federal law. Concluding that Plaintiff has no right under the North Dakota or United States Constitutions to solicit signatures on private property, Defendant's Motion for Summary Judgment is granted.

## FACTS

This dispute arises from the Columbia Mall management's refusal to rent space to Plaintiff Roland Riemers. The Columbia Mall is a limited liability corporation organized under North Dakota law and is operated by Defendant, G.K. Development Corporation ("G.K."), an

1

Illinois corporation. G.K. owns the entire building, with the exception of the Sears and Macy's "anchor stores," sections of sidewalks and parking lots around the mall, and the asphalt access roads surrounding the mall. The City of Grand Forks owns the entry apron, and the City has been granted easements for utility lines. G.K. receives no tax subsidies or other concessions from the City. The Columbia Mall performs no governmental function nor receives governmental benefits other than those available to all property owners, such as access to City utilities and law enforcement.

Columbia Mall does not rent space to individuals or groups that involve controversial subject matter or would otherwise deter the public from shopping. This is in line with the code of conduct, which explicitly states: "Distribution of literature, special promotions, or using the property for any purpose other than shopping is prohibited without prior written permission from the Mall." The mall is almost exclusively occupied by retailers. The exceptions are a small food court and a children's play area. Occasionally, other events and vendors are allowed in the mall, such as businesses selling photo opportunities with "Santa" or the "Easter Bunny," school art shows, and singing groups. G.K. asserts these non-retail activities are designed to enhance and encourage the retail shopping experience.

In September 2006, Plaintiff Roland C. Riemers sought to rent a space within the Columbia Mall in Grand Forks, ND, in order to collect signatures for the Family Law Reform Initiative. The general manager of the mall refused to rent a space to Plaintiff for this purpose, and this action followed.

## DISCUSSION

*SUMMARY JUDGMENT STANDARD*

Summary judgment is appropriate if the pleadings, discovery, and affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Quick v. Donaldson Co., 90 F.3d 1372, 1376 (8th Cir. 1996). On motion for summary judgment, a court views the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Mere allegations are insufficient to defeat summary judgment. Klein v. McGowan, 198 F.3d 705, 709 (8th Cir. 1999). The non-movant must make a sufficient showing on the essential elements of his case and may not rest on mere denials or allegations in the pleadings. Anderson, 477 U.S. at 250. Here, both parties have presented affidavits and agree no material facts are in dispute. Thus, this case is ripe for determination as a matter of law.

*FEDERAL CONSTITUTIONAL RIGHT TO SOLICIT SIGNATURES*

Whether Plaintiff has a federal constitutional right under the First Amendment to solicit signatures was addressed in a previous case brought by Plaintiff before this Court. Riemers v. Super Target of Grand Forks, 363 F.Supp.2d 1182, 1184-85 (D.N.D. 2005). In Riemers, this Court concluded that neither shopping malls nor single retail stores are public fora for First Amendment purposes. Id. The Court concluded that if a facility is not a public forum, then a defendant does not violate a plaintiff's First Amendment rights by denying him access to its facility for the purpose of collecting signatures for a petition. Id. at 1185. There is no discernable difference between the instant case and Plaintiff's previous action as to the constitutionality of the business owner's refusal. Plaintiff acknowledged as much in his brief

and all but abandoned this argument during the hearing. Therefore, Plaintiff's first amendment claim is summarily dismissed.

*STATE CONSTITUTIONAL RIGHT TO SOLICIT SIGNATURES*

Plaintiff argues he has the right to "speak and collect political signatures" under the North Dakota Constitution, Art. I, §§ 1, 4, 5, and 21. He further claims that Art. XII, § 5 of the North Dakota Constitution should be used to compel protection of his purported right to speak and collect signatures.

**Article I, Section 1.**  Plaintiff alleges in his complaint that G.K.'s conduct violates Article I, Section 1, of the North Dakota Constitution. Section 1 provides that "[a]ll individuals are by nature equally free and independent and have certain inalienable rights, among which are those of enjoying and defending life and liberty; acquiring, possessing, and protecting property and reputation; [and] pursuing and obtaining safety and happiness . . . which shall not be infringed." Riemers fails to specify which clause of Section 1 is implicated by G.K.'s actions, and he has not cited any case where a North Dakota court has interpreted these clauses to apply to petitioning or solicitation. Likewise, the Court has been unable to find any authority for this position. More importantly, Plaintiff fails to make any reference to Section 1 in his brief in opposition to the government's motion for summary judgment. Even though pro se complaints are subject to liberal construction, they still must allege facts sufficient to support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). There are no facts alleged in either the complaint or the plaintiff's response that would support a claimed violation of Article I, Section 1. Without a factual basis, no cognizable claim under this provision exists. The claim under N.D. Const. Art. I, § 1, is dismissed.

**Article I, Sections 4 & 5.** Plaintiff claims his rights were violated under Article I, Sections 4 and 5, of the North Dakota Constitution when the Columbia Mall general manager would not allow him to collect petition signatures on G.K.'s property. Section 4 protects the freedom of speech[1], and Section 5 protects the freedom of assembly[2]. Sections 4 and 5 of Article 1 were addressed in Plaintiff's previous case before this Court, and it was held that "the North Dakota Constitution does not give Plaintiff the right to petition of Defendant's private property." Riemers, 363 F.Supp.2d at 1187. Plaintiff argues that North Dakota could choose to interpret its constitution to provide broader rights than guaranteed by the United States Constitution. PruneYard Shopping Center v. Robins, 447 U.S. 74, 81. Plaintiff directs the Court to cases such as Batchelder v. Allied Stores International, Inc., 445 N.E.2d 590, 595 (Mass. 1983) and Bock v. Westminster Mall, 819 P.2d 55 (Colo. 1991), whose courts interpreted their respective state constitutions as protecting the right to solicit signatures. However, these cases can be distinguished. The mall in Batchelder had established a practice of allowing some political activity, so its practices were unlike those of the Columbia Mall. 445 N.E.2d at 591-92. In Bock, the mall had been developed by the City and numerous governmental bodies had an active presence in common areas of the mall. 819 P.2d at 56-57. The Colorado Supreme Court interpreted this constituted governmental involvement and triggered the Colorado Constitution's

---

[1] Section 4. Every man may freely write, speak and publish his opinions on all subjects, being responsible for the abuse of that privilege. In all civil and criminal trials for libel the truth may be given in evidence, and shall be a sufficient defense when the matter is published with good motives and for justifiable ends; and the jury shall have the same power of giving a general verdict as in other cases; and in all indictments or informations for libels the jury shall have the right to determine the law and the facts under the direction of the court as in other cases.

[2] Section 5. The citizens have a right, in a peaceable manner, to assemble together for the common good, and to apply to those invested with the powers of government for the redress of grievances, or for other proper purposes, by petition, address or remonstrance.

free speech protection.  Id.

PruneYard does, in fact, allow for a state to interpret its constitution to provide even broader free speech rights than are guaranteed under the United States Constitution.  But unlike the malls in Batchelder and Bock, there is no allegation that political or governmental activity is taking place at the Columbia Mall.  Moreover, the North Dakota Supreme Court has specifically declined to make such a broaden the protection under the North Dakota Constitution beyond that given by the First Amendment of the United States Constitution.  Riemers v. State Fair Ass'n, 731 N.W.2d 620 (N.D. 2007); Dickinson Newspapers, Inc. v. Jorgensen, 338 N.W.2d 72, 79 (N.D. 1983).  Consistent with this analysis, the plaintiff has  no right under N.D. Const. Art. I, §§ 4 and 5 to collect signatures at the Columbia Mall, and the claims are summarily dismissed.

**Article I, Section 21.**  Plaintiff also claims G.K.'s conduct runs afoul of Article I, § 21, of the North Dakota Constitution which states that no "citizen or class of citizens [shall] be granted privileges or immunities which upon the same terms shall not be granted to all citizens." This provision of the North Dakota Constitution has been interpreted as guaranteeing equal protection of the laws.  Hanson v. Williams County, 389 N.W.2d 319, 323 n. 8 (N.D. 1986). Riemers' complaint was required to allege facts sufficient to support this claim.  See Stone v. Harry, 364 F.3d at 914.  The complaint fails to show how he was denied a privilege that was granted to other similarly-situated citizens.  Nor has Riemers brought forth any evidence to rebut the defendant's motion for summary judgment on this point.  See Anderson, 477 U.S. at 250. Because there is no factual indication that Riemers was denied equal protection under the law, the claim under N.D. Const. Art. I, § 21 is dismissed.

**Article XII, Section 5.**  Plaintiff argues the Court should force G.K. to allow Plaintiff to

collect signatures, pursuant to Article XII, Section 5, of the North Dakota Constitution. Article XII, Section 5, states, "[T]he exercise of the police power of this state shall never be abridged, or so construed as to permit corporations to conduct their business in such a manner as to infringe the equal rights of individuals or the general well-being of the state." Plaintiff argues the collection of signatures affects the general well-being of the state, and therefore, this provision means that the Court should order the state's police power be used to compel G.K. to allow such solicitations on its property.

> State v. Cromwell, 9 N.W.2d 914, 919-20 (N.D. 1943) explained police power is:
>
> the power inherent in every sovereignty, the power to govern men and things, under which power, the legislature may, within constitutional limitations, not only prohibit all things hurtful to the comfort, safety, and welfare of society, but prescribe regulations to promote the public health, morals, and safety and add to the general public convenience, prosperity, and welfare.

(citations and quotations omitted). The Court is not aware of any cases extrapolating "police power" provisions to allow the courts to order private business owners to allow solicitations. In fact, the opposite situation seems to be prevalent in case law, with the police power being used to limit solicitations. See, e.g., Hynes v. Mayor and Council of Borough of Oradell, 425 U.S. 610, 619 (U.S. 1976) ("There is, of course, no absolute right under the Federal Constitution to enter on the private premises of another and knock on a door for any purpose, and the police power permits reasonable regulation [of solicitations] for public safety.") More importantly, it seems that Plaintiff's reading of Article XII, Section 5, misses the import of the provision, which seems to be that the granting of a corporate charter does not in any way limit the police powers of the state. See, Leahy, James, The North Dakota State Constitution: A Reference Guide, p. 180 (2003).

7

Additionally, it has been established that Plaintiff has no individual right under the State or Federal Constitutions to solicit signatures at a private business. Riemers, 363 F.Supp.2d 1182. It is difficult to envision a universe where a public right to solicitation of signatures exists and an individual right to do so does not. Reimers has failed to establish that a private decision to prohibit soliciting signatures on private property is "hurtful to the comfort, safety, and welfare of society." Under these circumstances, there is no basis upon which to employ the police power of the state to force G.K. to allow such solicitations. This claim is dismissed.

*STATUTORY VIOLATION*

Plaintiff alleged in his complaint that G.K. violated N.D. CENT. CODE 12.1-14-05, which states that hindering or preventing a person from exercising his or her civil rights is a Class B misdemeanor. Section 12.1-14-05 is a criminal statute detailing a criminal offense. Generally speaking, a private citizen cannot institute criminal proceedings on his own. 21 Am. Jur. Criminal Law § 553. No argument has been presented by Plaintiff in his brief or at oral argument on this point. Moreover, the Court has concluded that Plaintiff's civil rights were not offended by G.K.'s conduct. This claim is unsupported, without merit and is therefore dismissed.

**DECISION**

There are no issues of material fact. G.K. did not offend any of Plaintiff's rights under the United States Constitution, Amendment 1, or the North Dakota Constitution, Art. I, §§ 1, 4, 5, and 21 or Art. XII, § 5. Likewise, Section 12.1-14-05, N.D. CENT. CODE, was not violated. Defendant is therefore entitled to judgment as a matter of law, and the motion for summary judgment is therefore **GRANTED.**

**IT IS SO ORDERED.**

Dated this 19th day of September, 2007.

      /s/     Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court